IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: Grand Jury Subpoena No.<br>N-23-1-84(1) | : | **Filed Under Seal** |
| | : | |
| | : | Misc. No. 23-mj-<u>433</u>  (RMS) |
| | : | |
| _____ | : | May 9, 2023 |

### APPLICATION FOR ORDER COMMANDING AMAZON.COM, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF THE SUBPOENA

The United States requests that the Court order Amazon.com, Inc. ("Amazon") not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena) of the existence of the attached subpoena for a period of one year from the date of this Order.

Amazon is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires Amazon to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. In this investigation, Drug Enforcement Administration (DEA) agents identified a seller of controlled substances on a darknet marketplace. Additionally, the seller has a history of suspicious activity

reports relating to the sale of undervalued good through ecommerce marketplaces which are indicative of money laundering.

Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.  *See* 18 U.S.C. § 2705(b).  Some of the evidence in this investigation is stored electronically.  If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Amazon not to disclose the existence or content of the attached subpoena for a period of one year from the date of this Order, except that Amazon may disclose the attached subpoena to an attorney for Amazon for the purpose of receiving legal advice.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____
STEPHANIE T. LEVICK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv20161
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510